**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AL HAMMAN,

       Plaintiff,

v.                                                                    Case No:   6:25-cv-2102-LHP

UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES,

       Defendant

## ORDER[1]

Before the Court is Defendant University of Central Florida Board of Trustee's Partially Unopposed Motion for a More Definite Statement, which also seeks to impose *Martin-Trigona*[2] sanctions for vexatious litigation.   Doc. No. 8. Plaintiff Al Hamman, who is proceeding *pro se*, does not oppose the motion to the extent it requests repleader, but does oppose the request for sanctions.   Doc. No. 24.   The motion is ripe for review.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. Nos. 19-21.

[2] *See Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993).

Plaintiff filed a 45-page "Verified Petition for Mandamus" in state court, which Defendant removed to this Court on November 3, 2025.   Doc. Nos. 1, 1-1. The petition contains ten (10) separate claims, and includes a 28-page appendix. Doc. No. 1-1.   The petition does not contain a separate fact section, and each claim appears to include a narrative of Defendant's alleged wrongs against Plaintiff, along with screenshots from various websites, and the assertions that Defendant's actions violated any federal or state laws are conclusory and vague.   *Id.*   Accordingly, the Court agrees with Defendant that the petition is both unclear and an impermissible shotgun pleading "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."   *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015*).   See also Davis v. Charter Schs. USA, Inc.*, No. 6:25-cv-1269-JSS-NWH, 2025 WL 2819324, at *2 (M.D. Fla. Oct. 3, 2025) (finding complaint constitutes shotgun pleading, including because "the complaint's factual allegations do not provide details or other information to support the claims").   Defendant's motion (Doc. No. 8) is therefore **GRANTED in part**, to the extent it requests a more definite statement and repleader (requests that are unopposed by Plaintiff).   *See Medina v. Valdez*, No. 5:24-cv-479-JSM-PRL, 2024 WL 6980210, at *2 (M.D. Fla. Sept. 11, 2024) (granting motion for more definite statement where complaint was a shotgun pleading).   *See also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to "dismissing a

shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'" (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018))).

Defendant also seeks to have Plaintiff declared a vexatious litigant in this case, and that *Martin-Trigona* sanctions be imposed against Plaintiff, including that the Court pre-screen any amended pleading Plaintiff may file. Doc. No. 8, at 8-9; *see also Hamman v. Univ. of Cent. Fla. Bd. of Trs.*, No. 6:23-cv-395-CEM-RMN (M.D. Fla. Sept. 17, 2024) (Doc. No. 51) (order by United States District Judge Carlos E. Mendoza imposing *Martin-Trigona* sanctions on Plaintiff). However, as Plaintiff notes in his response, he did not seek to litigate in this Court, rather Defendant chose to remove the case here. *See* Doc. No. 24, at 22. Defendant provides no legal authority suggesting that a prior Order imposing vexatious litigant sanctions against Plaintiff would apply where Defendant chose to bring the case to this Court. Doc. No. 8. Accordingly, the request for sanctions (Doc. No. 8) is **DENIED without prejudice**.

It is hereby **ORDERED** that, on or before **March 23, 2026**, Plaintiff shall file an amended pleading. Such pleading must comply with federal pleading requirements. *See* Fed. R. Civ. P. 8(a); Fed. R. Civ. P. 10. Plaintiff must include factual allegations stating a plausible claim for relief, which requires him to "plead[] factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In an amended pleading, Plaintiff shall include a section titled "Statement of Facts," including allegations as to how Defendant participated in activity that violated his rights and/or violated any applicable state or federal laws. Plaintiff must also allege some specific harm or injury caused by the actions or omissions of Defendant, including a causal connection between those actions/omissions and injury. Plaintiff must also specifically state the relief he is seeking, and explain clearly whether he is seeking a writ of mandamus against Defendant, or some other declaratory, injunctive, or monetary relief.

Plaintiff must clearly allege the legal basis for each cause of action, whether a constitutional provision, treaty, statute, or common law. Plaintiff must separately set forth each cause of action in an independent labeled count, and each count shall contain only factual allegations pertinent to that count or shall incorporate specific paragraphs from the "Statement of Facts" in support thereof. *See Anderson v. District Bd. of Trustees of Cent. Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant

will be able to discern what the plaintiff is claiming and to frame a responsive pleading." (footnote omitted)).[3]

**DONE** and **ORDERED** in Orlando, Florida on March 2, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] To the extent Plaintiff requests any other affirmative relief in his response (Doc. No. 24), such requests are denied without prejudice to Plaintiff filing separate motions seeking such relief. *See Armington v. Dolgencorp. Inc.*, No. 3:07-cv-1130-J-JRK, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009) ("It is not appropriate to seek an order for affirmative relief in a response to a motion.").