**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AL HAMMAN,

Plaintiff,

vs.

UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES,

Defendant.

CASE NO.: 6:25-cv-02102

# DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND STAY DISCOVERY

Defendant, University of Central Florida Board of Trustees ("UCF" or "Defendant"), by and through its undersigned counsel and pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, hereby files this Motion to Strike Plaintiff's Amended Complaint, (Doc. No. 30), and Stay Discovery.[1]

## FACTUAL AND PROCEDURAL HISTORY

On June 16, 2025, Plaintiff, Al Hamman ("Mr. Hamman"), filed a Verified Petition for Mandamus in the Ninth Judicial Circuit in and for Orange County,

[1] To the extent that the Court believes the instant motion should be postured as a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e), UCF respectfully requests that the Court grant the instant motion on such grounds. In addition, to the extent that the Amended Complaint purports to be brought on behalf of Plaintiff, his son and his wife (neither of whom were named as plaintiffs in the original Complaint) the arguments set forth herein are directed at them as well.

Florida against UCF ("Petition"), which UCF timely removed to this Court. (Doc. No. 1). Mr. Hamman's Petition, despite being stylized as a Verified Petition for Mandamus, loosely asserted ten "claims" against UCF based on vague allegations and included ambiguous requests for relief, which left UCF unable to effectively respond. Accordingly, on November 10, 2025, UCF filed a Motion for More Definite Statement. (Doc. No. 8). The Court granted UCF's Motion in part on March 2, 2026, and ordered Mr. Hamman to file an amended pleading on or before March 23, 2026 ("Order"). (Doc. No. 27). On March 24, 2026 – the day after the Court's deadline to file his amended pleading – Mr. Hamman filed a Motion for Extension of Time to file his amended pleading. (Doc. No. 28). The Court noted the tardiness of the request as well as the noncompliance with Local Rules; however, it granted Mr. Hamman's request for extension up to and including April 6, 2026.

On April 6, Mr. Hamman filed an Amended Complaint. (Doc. No. 30). Rather than file a more definite statement that cured the deficiencies of Mr. Hamman's first pleading, as required by Court's Order, Mr. Hamman filed an equally unintelligible Amended Complaint that purports to add parties and causes of action, states irrelevant legal arguments, and further conclusory allegations. The Amended Complaint seeks to add two Plaintiffs, Will Hamman, Mr. Hamman's son, and Ava Hamman, Mr. Hamman's wife. (Doc. No. 30, ¶ 26). The Amended Complaint also seeks to add three Defendants, Youndy Cook, Alexander Cartwright, and Michael

Johnson, whom Plaintiff purports to sue in both their official and individual capacities. (Doc. No. 30 ¶¶ 28–31).

Mr. Hamman seemingly asserts twelve entirely new causes of action against all Defendants. The twelve causes of action, as captioned by Plaintiff, are: (1) procedural due process, adjudicative deprivation, (2) procedural due process, property deprivation, (3) denial of access to courts pursuant to 42 U.S.C. § 1983, (4) procedural due process, destruction of statutorily mandated adjudicatory entitlement, (5) First Amendment, retaliatory removal and viewpoint discrimination pursuant to 42 U.S.C. § 1983, (6) First Amendment, retaliatory threat, prior restraint, and overbroad recording ban pursuant to 42 U.S.C. § 1983, (7) declaratory and prospective injunctive relief pursuant to 28 U.S.C. §§ 2201–2202 and 42 U.S.C. § 1983, (8) Fourteenth Amendment, deprivation of property interest in participation in Florida's basic education program pursuant to 42 U.S.C. § 1983, (9) substantive due process, conscience-shocking interference with fundamental parental liberty and family integrity pursuant to 42 U.S.C. § 1983, (10) violation of Florida Sunshine Law, Fla. Stat. § 286.011, January 30, 2024 Board meeting, (11) violation of Florida Sunshine Law, Fla. Stat. § 286.011, September 27, 2024 Board meeting, and (12) violation of Florida Public Records Act, original notice, superseded notice, and version-history records pursuant to Fla. Stat. §§ 119.07 and 119.11. (Doc. No. 30).

Mr. Hamman's Amended Complaint does not cure the deficiencies of his original Petition. Instead, the Amended Complaint has ballooned to a sprawling, argumentative pleading spanning 67 pages and 300 numbered paragraphs, asserting unnecessary legal conclusions, evidentiary matter, immaterial allegations, and rhetorical characterizations that are not necessary to state any plausible claim for relief. Moreover, the Amended Complaint impermissibly attempts to add new parties and causes of action in defiance of this Court's Case Management and Scheduling Order and March 2, 2026, Order. Thus, the Amended Complaint should be stricken, and Mr. Hamman be given one last opportunity to file an amended pleading that complies with the Federal Rules of Civil Procedure and the Orders of this Court.

## MEMORANDUM OF LAW

### I. PLAINTIFF'S AMENDED COMPLAINT DOES NOT COMPLY WITH FEDERAL PLEADING STANDARDS AND SHOULD BE STRICKEN PURSUANT TO RULE 12(f).

Fed. R. Civ. P. 8 requires a short and plain statement of the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Federal Rule of Civil Procedure 12(f), "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court may strike allegations under Rule 12(f) where the material has no possible relation to the controversy, may confuse the issues, or

may cause unfair prejudice. *See Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017) ("The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters."). Motions to strike are appropriate where allegations are needlessly inflammatory, bear no logical connection to the claims or defenses, or cast a party in a derogatory light without advancing the pleading of a viable claim. *See Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995); *Pardo v. Fleetwood Motor Homes of Pa., Inc.*, No. 2:05–CV–359–FTM–33DN, 2005 WL 3113215, at *2 (M.D. Fla. Nov. 20, 2005) (citing Wright & Miller, FEDERAL PRACTICE & PROCEDURE: CIVIL § 1382 at 465–66 (3d ed.2004)).[2]

Here, Mr. Hamman's Amended Complaint is not a "short and plain statement" as required by Rule 8(a). Rather than concise factual allegations, the Amended Complaint includes extensive legal exposition, string citations to authorities within the counts themselves, vague allegations, and ambiguous requests for relief. The allegations that UCF engaged in "deliberate forum control," "strategic manipulation of adjudicative access," "arbitrary executive abuse of power," and conduct

[2] UCF recognizes that a motion to strike (especially as to an entire pleading) is a "drastic remedy" and "generally disfavored" by courts. *Blake*, 318 F.R.D. at 700-01. Nevertheless, as set forth herein, the multiple defects in the Amended Complaint justify the Court striking the pleading for failing to cure the defects identified in the Court's prior Order and attempting to circumvent the Court's Case Management and Scheduling Order. *See, e.g., Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018); *Caseneuve v. City of Dania Beach*, No. 22-CV-62118, 2023 WL 4998573, at *2 (S.D. Fla. Aug. 4, 2023).

"shocking to the conscience" are not concise factual averments; they are argumentative and conclusory characterizations masquerading as fact. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. Such pleading obscures, as opposed to clarifies, which facts support which claims against which Defendants.

The Amended Complaint is interspersed with numerous allegations that serve no proper pleading function and appear calculated to inflame rather than assist. For instance, Mr. Hamman's lengthy assertions regarding alleged "forum control," prefiling sanctions, litigation strategy, "conscience-shocking" conduct, supposed record "suppression," "fraudster" statements, and other prejudicial narrative matter is immaterial, impertinent, or scandalous within the meaning of Rule 12(f). Specifically, the allegations that Defendants "removed this action to federal court in order to subject Plaintiff to a *Martin-Trigona* prefiling-sanctions regime" and engaged in "deliberate forum control and strategic manipulation" concern litigation motives and are immaterial to whether Plaintiff has plausibly stated any substantive cause of action. (Doc. No. 30 ¶¶ 13, 15). Further, the Amended Complaint alleges Mr. Hamman investigated what he "characterized as fraud" at a Board meeting, and he was removed from the meeting by the alleged "fraudster." (Doc. No. 30 ¶¶ 117, 123–124). These accusations are highly pejorative and are not necessary to plead any asserted causes of action. The issues can be pleaded, if at all, without branding unnamed or opposing individuals as fraudsters, and such scandalous and

inflammatory allegations must be stricken under Rule 12(f). *See Farrell v. Fla.*, No. 2:15-CV-41-FTM-38CM, 2015 WL 3454227, at *1 (M.D. Fla. May 29, 2015) (finding scandalous matter includes allegations that unnecessarily reflect on a party's moral character or use repulsive language).

Beyond these immaterial and scandalous allegations, the Amended Complaint as a whole is an impermissible "shotgun" pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings."). Shotgun pleadings are regularly stricken pursuant to Rule 12(f). *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding a complaint is a shotgun pleading and ordering the district court to strike the complaint based in part on allegations that "the defendants" engaged in certain conduct, making no distinction among the multiple defendants charged); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("…in a case in which a party, plaintiff or defendant, files a shotgun pleading, the district court should strike the pleading and instruct counsel to replead the case…") (citations omitted); *Caseneuve v. City of Dania Beach*, No. 22-CV-62118, 2023 WL 4998573, at *2 (S.D. Fla. Aug. 4, 2023) (striking an amended complaint for being a shotgun pleading).

*Jackson* (which the Court cites in its prior Order) is particularly instructive in this matter. There, plaintiffs filed a shotgun pleading, in response to which

defendant moved for a more definite statement. In response to the motion, plaintiffs filed an amended complaint that did little to address the deficiencies of the original complaint. Defendant then filed a motion to dismiss the complaint. The district court granted defendant's motion with prejudice, and the Eleventh Circuit affirmed the district court's dismissal. 898 F.3d at 1354-55, 1358-59.

In the instant matter, the Amended Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322 (describing the most common type of shotgun pleading). Although the Amended Complaint contains a section labeled "Factual Allegations," the purported "facts" are largely conclusions of law and threadbare allegations with no discernable connection throughout the pleading. Each of the twelve claims contains additional disjointed, vague allegations full of conclusory statements and legal assertions. Shotgun pleadings are precisely the type of irrelevant and confusing materials a motion to strike was designed to address. *See Magluta*, 256 F.3d at 1284; *Jackson*, 898 F.3d at 1357; *Caseneuve*, 2023 WL 4998573 at *2.[3]

---

[3] The court would be within its authority to dismiss the instant matter with prejudice based upon Mr. Hamman's failure to file an appropriate amended pleading after being given the opportunity to replead. *See Jackson*, 898 F.3d at 1358. UCF, however, recognizes that Mr. Hamman (unlike the plaintiffs in *Jackson*) is appearing *pro se* and that, as a result, the Court may wish to give him one last chance to file an amended pleading that meets the requirements of Fed. R. Civ. P. 8.

Moreover, Mr. Hamman attempts to add three new Defendants; however, the Amended Complaint does not clarify which alleged acts are attributed to each Defendant, simply alleging "Defendants" engaged in certain conduct. Mr. Hamman's failure to distinguish between the acts of each Defendant makes the Amended Complaint a shotgun pleading for this second, independent reason. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (laying out the four types of shotgun pleadings; a complaint is a shotgun pleading if it "asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act"); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical shotgun complaint").

Mr. Hamman's immaterial, vague allegations, coupled with the lack of distinction between the acts of each Defendant, have left UCF unable to identify which allegations are being asserted against it. Therefore, the Amended Complaint should be stricken, and Mr. Hamman should be required to replead in accordance with federal pleading standards.

## II. PLAINTIFF'S AMENDED COMPLAINT DOES NOT COMPLY WITH THIS COURT'S ORDERS AND IMPERMISSIBLY ADDS PARTIES AND CAUSES OF ACTION.

The Court's January 7, 2026, Case Management and Scheduling Order set a deadline of February 27, 2026, for motions to add parties or to amend pleadings. (Doc. No. 22). At no time prior to that deadline did Mr. Hamman file such a motion.

On March 2, 2026, the Court entered an Order granting UCF's Motion for a More Definite Statement, giving clear directions to Mr. Hamman. In requiring a more definite statement, this Court ordered Mr. Hamman to file an amended pleading that complies with federal pleading requirements, includes factual allegations that could state a plausible claim for relief, includes a section entitled "Statement of Facts," alleges a specific harm or injury caused by UCF, specifically states the requested relief, and clearly alleges the legal basis for each cause of action. (Doc. No. 27 at 3–4). Mr. Hamman has not complied.

The purpose of the Court's Order was to direct Mr. Hamman to file a more definite statement of the claims in his original Complaint to allow UCF to ascertain the allegations against it. Instead, Mr. Hamman impermissibly attempts to exploit the Court's Order to amend his complaint after the deadline and file what is essentially a brand-new case based on different facts, legal theories, causes of action, and parties in violation of the Court's Case Management and Scheduling Order. The Order requiring a more definite statement did not grant Mr. Hamman free reign to

add new parties and causes of action, and doing so violates both the Case Management and Scheduling Order and the Order requiring a more definite statement. *See Dimanche v. Jackson*, No. 6:22-CV-2073-CEM-DCI, 2024 WL 2058528, at *3 (M.D. Fla. Feb. 14, 2024) (striking newly added claims and parties for violation of the case management and scheduling order because it was untimely and violation of an order to cure deficiencies because it goes beyond amendment to cure specified deficiencies); *JTH Tax, LLC v. Stephen A. Gilbert & G-QTS, Inc.*, 2022 WL 4818668, at *2 (M.D. Fla. Sept. 12, 2022) ("Courts in the Eleventh Circuit and throughout the country routinely strike amended claims (or counterclaims) that exceed the scope of a court's order granting leave to file the amended claims.") (collecting cases); *Cincinnati Ins. Co. v. Cochran*, 2006 WL 4495335, at *3 (11th Cir. Dec. 27, 2006) ( "district court was well within its discretion when it struck the malicious prosecution counterclaim on the basis that it exceeded the scope of the original order"); *Ivey v. City of West Melbourne*, 2020 WL 4353195, at *3 (M.D. Fla. July 14, 2020) (granting motion to strike two counts in the plaintiffs' second amended complaint because, in part, the deadline for amending pleadings as set forth in the case management and scheduling order expired and the plaintiffs did not seek leave to file an amended complaint containing new causes of action); *Stone v. State Auto. Mut. Ins. Co.*, 2017 WL 633081, at *1 (N.D. Ala. Feb. 16, 2017) (striking an amended complaint that joined three additional parties and claims without leave to

amend); *Johnson v. Knox Cty.*, 2020 WL 2562806, at *4 (E.D. Tenn. May 20, 2020) ( "the inclusion of additional plaintiffs and defendants beyond those raised in the original [c]omplaint goes beyond the scope of the Court's order granting [p]laintiff leave to file an amended complaint").

Even if Mr. Hamman was permitted to file an entirely different complaint, which he was not, he still is not in compliance with the Court's Order. As described above, the Amended Complaint wholly fails to state a short and plain statement of the claim as required by Rule 8, and UCF is still unable to discern what Mr. Hamman is claiming against it due to an impermissible shotgun pleading. Thus, the Amended Complaint must be stricken pursuant to Rule 12(f).

## III. DISCOVERY SHOULD BE STAYED UNTIL MR. HAMMAN CURES HIS PLEADING DEFICIENCIES AND UCF IS ABLE TO IDENTIFY THE ALLEGATIONS AGAINST IT.

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery may be granted pursuant to Fed. R. Civ. P. 26(c) if there is a showing of good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (internal citations omitted); *Radenhausen v. U.S. Coast Guard*, No. 3:13-cv-268-J-39JRK, 2014 WL 12634274, at *1 (M.D. Fla. Jan. 13, 2014).

Here, despite the Court's Order directing Mr. Hamman to file a more definite statement, the Amended Complaint remains vague and ambiguous such that UCF

has to guess as to the particular claims to which it should respond. Good cause exists to stay discovery because UCF cannot properly discern which claims Mr. Hamman is alleging against it and, therefore, cannot identify which matters it must conduct discovery into. Continuing discovery without a clear understanding of the claims at issue would be inefficient and prejudicial to UCF. Accordingly, UCF respectfully requests that the Court stay discovery until Mr. Hamman files a corrected pleading that adequately places UCF on notice of the claims against it.

Alternatively, should the Court be reluctant to move the deadlines set in this matter, UCF respectfully requests it should order Mr. Hamman to file an appropriate amended pleading within seven (7) days of the entry of an order granting the instant motion. By setting forth an expedited time for Mr. Hamman to respond, UCF will have sufficient time to conduct discovery – provided that the amended pleading is no longer defective.

## CONCLUSION

For the reasons set forth above, Defendant, University of Central Florida Board of Trustees, respectfully requests that this Court strike the Amended Complaint and enter an Order directing Mr. Hamman to serve an amended pleading based on the claims raised in his original Petition and with sufficient information to identify the allegations against UCF. Additionally, because UCF still cannot ascertain the allegations against it, UCF requests that the Court stay all discovery

deadlines contained in the Case Management and Scheduling Order until the filing of an amended pleading compliant with Fed. R. Civ. P. 8 or, alternatively, require Mr. Hamman to file his amended pleading within seven (7) days of the entry of an order granting the instant motion.

**LOCAL RULE 3.01(G) CERTIFICATION**

The undersigned hereby certifies that prior to filing the instant Motion, he conferred via telephone with Plaintiff via telephone concerning the relief requested herein. Plaintiff has informed the undersigned that he opposes the instant Motion.

DATED: April 23, 2026

Respectfully submitted,

*s/Patrick M. Muldowney*

Patrick M. Muldowney
Florida bar No.:0978396
E-mail: pmuldowney@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Ave., Ste 2300
Orlando, Florida 32801
Telephone: (407) 649-4000
Facsimile: (407) 841-0168

*Attorney for Defendant University of Central Florida Board of Trustees*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 23, 2026, a true and correct PDF copy of the foregoing was electronically filed with the Clerk of Court using the Courts CM/ECF system. I further certify that the foregoing has been served via electronic mail to the following:

Al Hamman
1209 N. Westmoreland Dr.
Orlando, FL 32804
al@hamman.net

*s/Patrick M. Muldowney*
Patrick M. Muldowney



4900-5553-0147